JAMES AHERN, Administrator, etc., of JAMES AHERN, a Minor, Deceased, Respondent. v. ROSALIE M. STEELE and Others, Appellants.

*Landlord and tenant — liability of the devisee of land, for the act of his ancestor in leasing the premises when out of repair — effect of notice to the ancestor.*

In this action, brought to recover for the death of the plaintiff's intestate, caused by reason of injuries received upon a pier owned by the defendants because of its being out of repair, it appeared that the defendants acquired their ownership by devise; that such pier was leased by the defendants' predecessor in title to a tenant, who was in possession thereof at the time that the accident happened. The jury found that the pier was out of repair when thus leased.

*Held,* that as the defendants took these premises by devise they took them subject to the liabilities that existed, as against their predecessors in title, and could not release themselves from the obligations resting upon such predecessors in title by showing that the title came to them subsequent to the lease, and that they were, therefore, not required to repair the premises.

That these obligations ran with the land, and the parties acquiring the same by devise became subject thereto, and that notice to an ancestor or testator of the defective condition of the pier was also notice to his heir or devisee.

That the heir or devisee took the land burdened with the notice, and that the want of notice to him would not absolve him from liability.

*Held,* further, that as the right was expressly reserved in the lease of the premises, to enter upon and repair them, that the defendants, although they were not bound, as between themselves and their tenants, to make such repairs, yet, as between themselves and the public, they were bound to abate the nuisance, arising from such want of repair, and were, therefore, liable for the damages resulting therefrom.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the New York Circuit, and from an order denying a motion for a new trial made upon the minutes of the court before which the action was tried.

The action was brought by the plaintiff, as administrator of his son, a boy of the age of some six years, who was drowned by falling through a hole in pier No. 54, on the East river, on October 8, 1882, The alleged cause of action arose from the neglect of the defendants to keep the pier in good order and condition. The defendants showed that the pier had been leased by Thomas McCarty, trustee, on the 1st day of May, 1880, for the term of five years from May 1, 1880, to May 1, 1885, to one Frank Phelan, who was also a party defendant in this action, and that the defendants, other than Phelan, did not become the owners of the pier until May 1, 1881, eleven months after the lease was made; when they took title thereto as devisees of the reversion in the premises, given to them by the will of John Gardner, the life estate in said property having terminated at the last mentioned date.

*John B. Whiting,* for the appellants.

*Edward D. McCarthy,* for the respondent.

VAN BRUNT, P. J.:

One of the main questions involved upon this appeal arises from the fact that the title to the fee of this pier devolved upon the defendants subsequent to the leasing of the pier. That the pier was out of repair at the time of the lease, and continued so up to the time of the accident, has been found by the jury upon sufficient evidence. All owners of property, it has been repeatedly held, who lease the same when out of repair are liable to strangers for accidents arising from such want of repairs. The defendants in this case, by taking these premises by inheritance, took *them cum onere,* and cannot relieve themselves by the claim that the title devolved subsequent to the lease, and that, therefore, they were not required to repair. (*The King* v. *Pedley,* 1 Adol. & Ell., 822.) The condition of the pier before the leasing and notice thereof to their ancestor devolved upon them together with the title, and they cannot hold the title and divest themselves of the obligations which had attached to the previous owner. These obligations, so to speak, ran with the land, and every owner is liable during the time he holds the title. Suppose this case was in no way complicated by the question of lease, and it was necessary to show notice of a defect before recovery

could be had, it is plain that notice to an ancestor or testator would be also notice to the heir or devisee. The heir or devisee would take the land burdened with the notice, and the want of notice to him would not absolve from liability. In the case at bar the defendants, therefore, took the land subject to the liability that, because of the defective condition of the pier at the time of the lease, the landlord was liable for any accidents arising from such defective condition, and they having become landlords the liability attached to them.

But there is another consideration which also seems to point to the existence of a liability upon the part of the defendants. The wharf was open to the public, it is treated as a public street, and when it becomes out of repair it is a public nuisance. The defendants had the right to enter and make repairs, and although as between themselves and their tenants they were not bound to do so, yet as between themselves and the public they were bound to abate the nuisance if they had any right of entry. The only ground upon which a landlord has been exempted from liability in these cases has been because he had no right of entry, the premises were not his for the time being, and, therefore, he was neglecting no duty. In the case at bar the right to enter and repair was expressly reserved in the lease. The landlord owed a duty to the public, the public had the right to pass over this pier, and there was no impediment preventing the landlord from fulfilling his obligation in this respect. His not doing so was, therefore, negligence. The exceptions to the admission of evidence do not seem to have been well taken. The condition of the pier within two days after the accident was pertinent, as there is no pretense of any change. The evidence of the measurement of the hole six months after the accident was admissible in connection with the evidence of the plaintiff, who swore that the hole measured was the one through which the deceased fell. The exceptions to the charge are equally unavailing. It certainly was not, as matter of law, contributory negligence to have permitted this boy to be upon the pier, to which he had come to meet his father, after having joined whom the accident happened. Nor was it error to refuse the request that the plaintiff could not recover unless the jury believed that the hole through which the boy fell was the result of the defective condition

of the pier at the time the lease was made. The whole purport of the charge was to this effect, and although, perhaps, this point was not emphasized as it might have been. The rule laid down in the charge from the case cited plainly recognized the principle contended for. In any event, the right to enter and repair existing in this case, the duty of repair existed in respect to the public notwithstanding the lease, and it was not necessary that the jury should find that the particular defect antedated the lease.

The damages appear to be excessive, as it does not seem that there can be any pecuniary damage resulting from the death of so young a child, however great a shock to the feelings its loss may entail; but as recoveries have been sustained, based upon the death of much younger children, we see no reason for interference with the verdict upon this account.

The judgment should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.